```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANNETTE YOUNG                    :      CIVIL ACTION
                                 :
        v.                       :
                                 :
JO ANNE B. BARNHART,             :
Commissioner of                  :
Social Security                  :      NO. 03-01025-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                     February 21, 2006

      Cross-motions for summary judgment in a social security case. Plaintiff was involved in an automobile accident on June 26, 1998. She suffered, among other things, a traumatic brain injury (her head went through a windshield), a broken vertebrae in her neck, and a broken arm. She applied for social security benefits on October 2, 2001, alleging that, as a result of her traumatic injuries, she continued to suffer from severe memory problems, organizational deficits, disordered thinking, and physical pain.

      On September 25, 2002, an administrative law judge held a hearing on plaintiff's application. At the hearing, plaintiff and a vocational expert testified, and plaintiff's medical records were placed in evidence. On October 11, 2002, the ALJ denied benefits, on the theory that plaintiff was able to perform a range of light work, and thus was not disabled.

      Plaintiff filed this civil action in early 2003, after the appeals council denied review of the ALJ decision.

Unfortunately, the administrative record could not be produced for use in this litigation because of a defective tape (one reel was largely inaudible, and the second tape was lost). The Commissioner therefore filed a motion for remand, so that the deficiencies could be corrected. I granted that motion on May 27, 2003.

Some four and one-half months later, the appeals council remanded the case to the ALJ, with instructions "specifically to hold a <u>de novo</u> hearing." Inexplicably, that direction was not followed by the ALJ. Instead of holding a <u>de novo</u> hearing, she merely referred to some notes which she had made at the time of the original hearing, and dictated into the record what appears to be merely a repetition of her original decision. She declined to have plaintiff re-evaluated by anyone, and announced that any further evidence would be unlikely to change the original decision denying benefits. Plaintiff herself was permitted to testify briefly, but only with respect to any changes which may have occurred since the date of the original hearing. Needless to say, the ALJ again denied benefits, finding that plaintiff should still be able to perform a range of light work.

The ALJ did not dispute the fact (attested to by all of the medical evidence) that plaintiff continues to suffer from the consequences of her traumatic brain injury.

It is undisputed that, after a period of hospitalization due to the injury itself, plaintiff was transferred to the Moss Rehabilitation center for therapy. After her discharge, plaintiff attempted to fill a part-time position which involved very simple tasks (filing documents after someone else had sorted them out and placed them in their respective piles), but even that employment terminated because she made too many mistakes.

To the extent that plaintiff's testimony is discernable from the original record, and to the extent of her testimony at the second hearing, it is very clear that she suffers from chronic depression. All of the medical evidence in the record substantiates that fact. Plaintiff has trouble staying awake, is largely withdrawn from human contact, has difficulty remembering things, and can just barely function at all.

The ALJ decision does not really address these psychological problems; for example, the ALJ opined that, although plaintiff frequently fails to get dressed or take a shower for days at a time, plaintiff could do those things if she wanted to.

To summarize, there is nothing in the entire record which can be regarded as substantial evidence to overcome the opinions of the treating physicians, and plaintiff's own

testimony.  I conclude that plaintiff's motion for summary judgment should be granted.

      An Order follows.

```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANNETTE YOUNG                      :      CIVIL ACTION
                                   :
         v.                        :
                                   :
JO ANNE B. BARNHART,               :
Commissioner of                    :
Social Security                    :      NO. 03-01025-JF
```

ORDER

      AND NOW, this 21st day of February 2006, IT IS ORDERED:

  1.   Defendant's motion for summary judgment is DENIED.

  2.   Plaintiff's motion for summary judgment is GRANTED.

  3.   This case is REMANDED to the Commissioner for the calculation and award of benefits.


                                          BY THE COURT:


                                          /s/ John P. Fullam
                                          John P. Fullam, Sr. J.